# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROOSEVELT WIGGINS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>COMMISSIONER OF SOCIAL SECURITY )<br>ADMINISTRATION, )<br>)<br>Defendant. ) | Case No. CIV-14-103-R |

## REPORT AND RECOMMENDATION

Plaintiff, Roosevelt Wiggins, filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of Defendant Commissioner's final decision denying his application for benefits under the Social Security Act. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). On April 4, 2014, the Commissioner filed a Motion to Dismiss, ECF No. 8, claiming that the action was untimely filed. Plaintiff has responded, ECF No. 11, Defendant has replied, ECF No. 12, and Plaintiff has filed a supplemental response, ECF No. 13. For the following reasons, it is recommended that the Commissioner's motion to dismiss be **DENIED**.

### I. Procedural Background

The administrative law judge (ALJ) issued an unfavorable decision on June 8, 2012. ECF No. 8-1:6-8. The Appeals Council denied Plaintiff's request for review on November 21, 2013, making the ALJ's decision the final decision of the Commissioner. ECF No. 8-1:25-28. The "Notice of Appeals Council Action" was dated November 21, 2014 ("Notice"). ECF 11-2. The Notice was addressed to Plaintiff, and included a

notation that a copy had also been sent to Plaintiff's counsel; both addresses were in Oklahoma City. ECF Nos. 8-1:25, 8-1:28. Plaintiff filed his Complaint in this Court on January 31, 2014. The date of receipt of the Notice is the matter at issue.

## II. The Motion to Dismiss

Before proceeding to the merits of the pending motion, the undersigned finds it necessary to address two procedural issues. The first is related to the stated basis for the Commissioner's motion to dismiss: Fed. R. Civ. P. 12(b)(1). ECF No. 8:1. A motion to dismiss under this rule is based upon the lack of subject matter jurisdiction. However, in arguing for dismissal based on Plaintiff's failure to file her appeal within the required 60-day period, the Commissioner refers to the requirement as a "statute of limitations." ECF No. 8:4. Indeed, in explaining the purpose underlying the 60-day time limit ("to move cases to speedy resolution..."), the Commissioner cites the very same decision in which the United States Supreme Court held that the time limit for seeking review in the district court is *not* jurisdictional. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986)("60-day requirement is not jurisdictional, but rather constitutes a period of limitations"). Thus, despite its stated basis, the substance of the motion and the law governing it leads the undersigned to find the Commissioner's reliance on Fed. R. Civ. P. 12(b)(1) to be incorrect.

In considering an appeal from a district court faced with a similar situation, the Tenth Circuit Court of Appeals stated:

> Defendant argued before the district court that it was moving to dismiss for lack of subject matter jurisdiction because the court lacks jurisdiction to review a case filed outside of the sixty-day time period under 42 U.S.C. § 405(g). This statement is incorrect. In *Flores v. Sullivan,* a

2

> case cited to us by the defendant, the Fifth Circuit recognized that "[t]he Supreme Court has held that the sixty-day time period in section 405(g) represents a statute of limitation instead of a jurisdictional bar." 945 F.2d 109, 113 (5th Cir.1991) (citations omitted). Accordingly, we will treat the defendant's motion as a 12(b)(6) motion to dismiss as opposed to a 12(b)(1) motion to dismiss.

*Gossett v. Barnhart*, 139 F. App'x 24, 25 n.1 (10th Cir. 2005); *accord Baynham v. Colvin,* 14-2053-SAC, 2014 WL 2440380 (D. Kan. May 30, 2014). Likewise, the undersigned will treat the pending motion to dismiss as one based on failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

This leads to a second procedural issue. Both the Commissioner and Plaintiff have attached several documents and affidavits with their briefs. As will be explained below, these materials are pertinent to the timeliness determination. In *Gossett,* the Tenth Circuit also noted that the district court "went outside of the complaint and relied on facts contained in an affidavit and exhibits attached to defendant's motion to dismiss, thereby converting the motion to dismiss into a motion for summary judgment." *Gossett,* 139 F. App'x at 25. Although the Court found that the district court had failed to give proper notice to the parties that it was converting the motion, it found no error because neither party was prejudiced by the conversion. *Id.*

Although no notice of conversion to a motion for summary judgment has yet been given in this case, both parties have presented evidence related to the timeliness of Plaintiff's appeal, and neither has objected. Moreover, this Report and Recommendation shall serve as notice that the motion has been considered under the standards governing motions for summary judgment. Although it appears unlikely that either party will object to the conversion given the fact that each, without objection,

has offered materials outside the complaint. In any event, the parties will have an opportunity to address any concerns regarding conversion of the motion to dismiss via their right to object to this Report and Recommendation.

Under the Federal Rules of Civil Procedure, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion. Fed. R. Civ. P. 56(a). In this case, the motion concerns the timeliness of the Plaintiff's request for court review of the Commissioner's denial of social security benefits. As such, the material facts are those pertaining to the statutes and regulations governing the 60-day time period.

### III. Discussion

The Social Security Act provides a sixty-day window in which to obtain review of a final decision of the Commissioner:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C.A. § 405(g). "The Commissioner has interpreted 'mailing' as the date of the applicant's receipt of the decision, and the date of receipt is presumed to be five days after the notice's date, unless the applicant makes a reasonable showing to the contrary." *Harris v. Comm'r of Soc. Sec.,* 25 F. App'x 273, 273–74 (6th Cir. 2001) (citing 20 C.F.R. § 422.210(c)). Because "the sixty day limit in § 405(g) is not jurisdictional but a period of limitations[,]" a court may apply "traditional equitable tolling principles" to

4

the limitations period. (*See Bowen v. City of New York,* 476 U.S. 467, 478–80, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986)). Thus, unless a plaintiff makes a "reasonable showing to the contrary," the district court presumes that he received the Appeals Council's decision on November 26, 2013, five days after the notice's date of November 21, 2013. Pursuant to that presumption, Plaintiff's complaint was due on or before January 26, 2014, and his complaint, filed on January 31, 2014, is untimely. Plaintiff has not argued for equitable tolling of the sixty-day limitations period, so a "reasonable showing" of receipt after November 26, 2013, is his only avenue to a review on the merits. The Court will first summarize the evidence offered by plaintiff as his "reasonable showing," and then proceed to analyze the sufficiency of this evidence in light of the statute and corresponding case law. The undersigned notes that there are no Tenth Circuit Court of Appeals Cases which specifically address what constitutes a "reasonable showing," the issue has been particularly well developed in the Sixth Circuit Court of Appeals. The undersigned has found the case of *Salter v. Colvin*, No. 4:12–cv–888, 2014 WL 1280269 (N.D. Ohio Mar. 27, 2014), particularly helpful due to its persuasive reasoning and the similarity of the facts presented.

### A. Plaintiff's Evidence

Plaintiff's "reasonable showing" consists of the following. First, he has submitted an affidavit stating that he is "not certain of the date on which I received any Notice of Appeals Council Action, or whether I received the same at any date. I have looked and have not found in my possession a Notice of Appeals Council Action dated November 21, 2013." ECF No. 13–1. Plaintiff further states, "My first awareness of a denial by the Appeals Council was when my attorney, Walter Bower, called to discuss the same and

my option to appeal…to the best of my memory, my conversation with Mr. Bower occurred sometime after the week of Thanksgiving." *Id.* Plaintiff also stated, "I have a limited ability to comprehend that which I read," having only achieved an education through the tenth grade and having attended special education classes because of a learning disability and "I have wholly relied on my attorneys in this matter to explain each piece of correspondence received from Social Security." *Id.*

Second, he has submitted evidence that his attorney received the Appeals Council's notice on December 2, 2013, which would render his complaint timely filed. Plaintiff has submitted evidence that his attorney received the notice on December 2, 2013, including: (1) the attorneys' date-stamped copy ("Dec 2, 2013") of the Notice with handwritten notations of "12-2-13", "Pull file B", "Jan 1" and "Jan 30"; and (2) the affidavits of attorney Bower and two of his staff: Stacy Standridge, and Christina Zeliff. ECF Nos. 11-2. 11-1, 11-3 and 11-4, respectively. In the affidavit of Plaintiff's counsel, he states that he received the Notice on December 2, 2013; that the Notice was time stamped when it was received on December 2, 2013; and that the Notice he received bears his own handwritten note made on December 2, 2013 requesting that Plaintiff's "case file be retrieved from file room to counsel for action to be taken." ECF No. 11-1. In the affidavit of Stacy Standridge, a 29-year employee of Walter Bower, she states that it is the policy of the law firm to open and stamp mail on the date of its receipt, and that in 29 years she has never opened or witnessed any other employee open mail on any other date than the date on which it was received. ECF 11-3. She also states that the law firm receives mail Monday through Friday and does not receive mail on weekends or holidays. *Id.* Another law firm employee, Christina L. Zeliff, makes virtually

the same statements as Standridge, but adds that "on December 2, 2013, I received and opened the Notice of Appeals Council Action regarding Roosevelt Wiggins and stamped a receipt date on the same of December 2, 2013." ECF 11-4.

In light of this showing, Plaintiff claims that he has rebutted the presumption that he received notice within five days of the Notice's date. Specifically, his attorney received the notice eleven days after the notice's date, and Plaintiff has no recollection of receiving the Notice during the relevant timeframe. Accordingly, Plaintiff contends that he has made a "reasonable showing" of receipt on December 2, 2013, rendering his January 31, 2014, appeal timely filed.

**B. Relevant Authority.**

As noted, the undersigned's research reveals no occasion upon which the Tenth Circuit Court of Appeal has had an opportunity to consider what showing is needed to rebut the presumption of receipt within five days of the Appeals Council's decision. As noted earlier, the Sixth Circuit has considered the issue, holding that a "reasonable showing" need not take any particular form. *Salter v. Colvin*, 4:12-CV-888, 2014 WL 1280269 at *4 (N.D. Ohio Mar. 27, 2014). However, it has found that it must be more than an allegation in the complaint or even an affidavit of non-receipt. *Id.*

Indeed, it appears that every court to consider the issue has concluded that plaintiff's bare denial of receipt or assertion of receipt on a particular date, by way of affidavit or otherwise, does not rebut the regulatory presumption of receipt within five days of the notice's date. *See, e.g. Pettway ex rel. Pettway v. Barnhart,* 233 F. Supp. 2d 1354, 1356 (S.D. Ala. 2002) ("Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is

insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption."); *see also Fleming v. Astrue,* No. 12–cv–11268, 2012 WL 6738473, at *5 (E.D. Mich. Oct 29, 2012) (insufficient evidence when plaintiff's affidavit alluded to a contemporaneous notation of receipt, but plaintiff only provided affidavit, not contemporaneous document); *see Orozco v. Astrue,* No. 2:11–cv–1836 GGH PS, 2012 WL 4468413, at *5 (E.D. Cal. Sept. 25, 2012) (mere assertion of receipt beyond five days of notice's date insufficient without affidavit indicating lack of actual notice); *Nielson v. Astrue,* No. 10 C 4647, 2011 WL 2214622, at * 1 (N.D. Ill. June 6, 2011) (unsupported "affidavit" insufficient without annotation of date of receipt or other evidence). Similarly, unsworn and uncorroborated physical evidence does not, by itself, rebut the presumption. *Johnson v. Astrue,* No. 8:07–CV–1614–T–30EAJ, 2008 WL 435180, at *3–4 (M.D. Fla. Feb. 14, 2008) (handwritten notation of date of receipt on the notice not sufficient in absence of sworn statement to corroborate).

Rebutting the presumption requires more than plaintiff's sworn statement-that much is clear. Less certain is whether evidence from a *claimant's attorney* that the attorney did not receive the notice within five days is sufficient to make the reasonable showing. A review of decisions from the various circuit courts of appeals reveals no uniformity on this issue.

The statute and implementing regulation both refer to when the "individual" receives notice. 42 U.S.C. § 405(g) ("Any *individual* ... may obtain a review ... within sixty days after the mailing to him of notice of such decision[.]") (emphasis added); 20 C.F.R. § 422.210(c) (complaint must be filed within 60 days after the Appeals Council's notice of denial is received by the individual). Yet, the regulations also state that *notice*

8

*to claimant's attorney has the same effect as notice to claimant herself*. 20 C.F.R. § 404.1715(b) ("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.") (emphasis added).

No circuit that has addressed the issue has stated that receipt of notice by the claimant's attorney can wholly replace receipt by the claimant herself. Indeed, the Fifth Circuit has unequivocally stated that receipt by the claimant, not her attorney, triggers the sixty-day period. *Flores v. Sullivan,* 945 F.2d 109, 111–12 (5th Cir. 1991) ("Both the statute and the regulations pinpoint receipt by the individual claimant, instead of by his representative, as the event that starts the sixty days."). The Eighth and Ninth Circuits have held that the sixty-day appeals period begins with receipt of notice by the claimant or the attorney, whichever occurs first. *Bess v. Barnhart,* 337 F.3d 988, 990 (8th Cir. 2003) ("We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period."); *Fista v. Comm'r of Soc. Sec.,* 141 F.3d 1175, at *1 (9th Cir. 1998) (unpublished decision) (finding notice received by attorney, but not claimant, started appeals period when attorney received notice within five days); *see also Roberts v. Shalala,* 848 F. Supp. 1008, 1013 (M.D. Ga. 1994) (attorney and claimant "on equal footing with notice sent to the claimant" for purposes of receipt of notice); *Rosa v. Comm'r of Soc. Sec.,* No. 6:11–cv1864–Orl–28KRS, 2012 WL 2680810 (M.D. Fla. June 18, 2012) (same). The First Circuit has not taken a position on the issue. *McLaughlin v. Astrue,* 443 F. App'x 571, 572 n. 1 (1st Cir. 2011) ("We note that the parties and the district court all assumed that the date that a claimant, not his or her attorney, receives the notice is

9

the triggering date. Although there are different points of view, we express no opinion on the matter, and will proceed on the same assumption.").

The undersigned finds that a more reasonable reading of the statute and its implementing regulation should provide that an untimely notice to the claimant's attorney—when the claimant provides an affidavit that he did not receive the notice—can be a "reasonable showing" to rebut the presumption that the Notice was received five days after it was issued.

Plaintiff has submitted evidence, corroborated by four affidavits and a date-stamped Notice with handwritten notations, that plaintiff's attorney received the Notice on December 2, 2013. If the Court's sole inquiry were whether plaintiff's attorney received notice within five days of November 21, 2013, the inquiry is answered and the presumption rebutted.

Furthermore, Plaintiff has submitted his affidavit, in which he states that "I am not certain of the date on which I received any Notice of Appeals Council Action, or whether I received the same at any date. I have looked and have not found in my possession a Notice of Appeals Council Action dated November 21, 2013." ECF No. 13–1. Plaintiff further states, "My first awareness of a denial by the Appeals Council was when my attorney, Walter Bower, called to discuss the same and my option to appeal…to the best of my memory, my conversation with Mr. Bower occurred sometime after the week of Thanksgiving." *Id.* Plaintiff also stated, "I have a limited ability to comprehend that which I read," having only achieved an education through the tenth grade and having attended special education classes because of a learning disability and "I have wholly relied on my attorneys in this matter to explain each piece of

correspondence received from Social Security." *Id.* Unlike many claimants cited above, plaintiff does not assert that he received notice after November 26, 2013, swearing instead that he has no knowledge when or if he received it.

Plaintiff's affidavit, in which he states that "I am not certain of the date on which I received any Notice of Appeals Council Action, or whether I received the same at any date," is further buttressed by the decision of the ALJ in this case. The ALJ's decision, provided by the Commissioner, ECF No. 8-1:11, 12, 16-17, includes the following comments that are consistent with Plaintiff's claims in his affidavit: Plaintiff suffers from a severe anxiety disorder; has moderate restrictions in activities of daily living; difficulty with immediate memory, concentration, and behavioral judgment; moderate limitation in ability to understand and remember detailed instructions; retains ability to perform simple tasks; and can perform simple tasks.[1]

Thus, considering Plaintiff's affidavit, in conjunction with his attorneys' evidence, the Court finds that Plaintiff has rebutted the presumption of receipt of notice by November 26, 2013, with evidence of actual receipt of notice on December 2, 2013. Plaintiff's sixty-day period to appeal began on December 2, 2013, making his complaint timely filed. If a disability claimant successfully rebuts the presumption that the decision denying benefits was received five days after notice thereof, the burden is placed on the Commissioner of Social Security to establish that the claimant received actual notice. If the claimant successfully rebuts the presumption, the burden is then placed upon the Secretary to establish that the claimant received actual notice. *Matsibekker v.*

---

[1] The undersigned is citing these portions of the decision only as they apply to the timeliness issue, and expresses no opinion as to whether these statements meet the review requirements that will be applied should this appeal go forward.

*Heckler,* 738 F.2d 79, 81 (2nd Cir. 1984); *Myer v. Callahan*, 974 F. Supp. 578, 584 (E.D. Tex. 1997); *see* 20 C.F.R. § 422.210(c). The undersigned finds that the Commissioner has failed to establish that either the claimant or his counsel received the actual notice within the applicable time period. Accordingly, it is hereby recommended that the Commissioner's motion to dismiss be **DENIED.**

## RECOMMENDATION

It is recommended that the Commissioner's Motion to Dismiss, **ECF No. 8**, be **DENIED.**

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **July 2, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation **does not** terminate the referral by the District Judge in this matter.

**ENTERED** on June 18, 2014.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE