## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROOSEVELT WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-103-R |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are the Findings and Recommendation entered by United States Magistrate Shon T. Erwin and Defendant's objection thereto. (Doc. Nos. 14 and 15). In the objection, the Commissioners contends Judge Erwin erred in recommending that her motion to dismiss be converted to a motion for summary judgment and that it be denied. The objection to the Report and Recommendation gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Defendant makes specific objection.

Plaintiff filed this action seeking a review of the decision of the Commissioner to deny his application for benefits under the Social Security Act. In response to the complaint Defendant filed a motion to dismiss, asserting therein that the complaint was not timely filed pursuant to the provisions of 42 U.S.C. § 405(g), which requires that a civil action seeking review of the Commissioner's final decision be filed within sixty days after mailing of notice of the decision.

Plaintiff filed this action on January 31, 2014, and the decision of the Appeals Counsel was issued on November 21, 2013, more than sixty days prior to the filing of this action. The issue presented by the motion for summary judgment is whether Plaintiff has presented sufficient evidence to overcome the presumption utilized by the Commissioner, whereby it is presumed that a decision is received five days after mailing. *See* 20 C.F.R. § 422.210(c)("For purposes of this section, the date of receipt of notice of . . . the decision of the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."). Accordingly, Judge Erwin correctly determined that the presumed date of receipt of the decision of the Appeals Council was November 26, 2013, five days after the notice was issued.

In response to the motion to dismiss Plaintiff presented an affidavit indicating he was uncertain as to when or whether he received the November 21, 2013 notice. His attorney contends he received notice on December 2, 2013, eleven days after it was entered, as evidenced by a copy date-stamped with that date.[1] The attorney and two staff members submitted affidavits in support of their contention that they received the notice on December 2, 2013, which would render the January 31, 2014 filing of this action timely.

Judge Erwin concluded Plaintiff had made a reasonable showing sufficient to rebut the 5 day presumption set forth in the regulations not solely by relying on the claimant's

---

[1]In the objection Defendant presents theories that perhaps Plaintiff's counsel did not receive notice earlier because his office was closed the day after Thanksgiving. Defendant, however, presents no evidence in support of this supposition, and once Plaintiff has rebutted the presumption, Defendant bears the burden of establishing that notice was actually received.

affidavit indicating he may not have received the notice, but on the detailed assertions in the affidavit of claimant's counsel and his staff regarding their general procedures, which are supported by the December 2, 2013-stamped copy from counsel's file. After conducting a thorough review of the law of various circuits, as the Tenth Circuit has not yet addressed the issue, Judge Erwin recommended:

> The undersigned finds that a more reasonable reading of the statute and its implementing regulation should provide that an untimely notice to the claimant's attorney—can be a "reasonable showing" to rebut the presumption that the Notice was received five days after it was issued.

Report and Recommendation, p. 10. He also noted that, "considering Plaintiff's affidavit, in conjunction with his attorneys' evidence, the Court finds that Plaintiff has rebutted the presumption of receipt of notice by November 26, 2013, with evidence of actual receipt of notice on December 2, 2013." Report and Recommendation, p. 11.

Contrary to Defendant's contentions, Judge Erwin did not blindly accept Plaintiff's contentions, but rather considered Plaintiff's statements in the context of counsel's factual assertions, which were supported by ample evidence. Having conducted a *de novo* review of the Report and Recommendation, the facts supporting Judge Erwin's conclusion and applicable law, the Court hereby ADOPTS the Report and Recommendation and Defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED this 6th day of August, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE