IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ROOSEVELT WIGGINS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-103-R |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and supplemental security income benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

### I.     Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following a hearing, an administrative law judge (ALJ) issued an unfavorable decision. (TR. 32-42). On appeal, the Social Security Appeals Council denied Plaintiff's request for

review, making the ALJ's the final decision of the Commissioner. This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R § 404.1520; 20 C.F.R. § 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since July 30, 2010, the date Plaintiff alleges he became disabled. (TR. 34).

At step two, the ALJ found Plaintiff to have the following severe impairments: sarcoidosis, right knee varus, obesity, hypertension and anxiety disorder. (TR. 34).

At step three, the ALJ determined Plaintiff's severe impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 35-36).

At step four, the ALJ first determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can understand, remember and carry out only simple, not detailed, work related tasks.

(TR. 36). At the second phase of step four, the ALJ found Plaintiff could not perform his past relevant work as brick mason. (TR. 41).

2

At step five, the ALJ relied on the testimony of a vocational expert (VE) and determined Plaintiff could perform other jobs existing in significant numbers in the national and regional economies including self-service store attendant, fast food worker and label coder. (TR. 42). Thus, the ALJ found Plaintiff was not disabled through the date of the decision. (TR. 42).

### III.   Issues Presented

Plaintiff raises the following issues: (1) the ALJ erred in presenting the VE with a flawed hypothetical question during the administrative hearing; (2) the ALJ erred in failing to investigate and elicit a reasonable explanation from the VE regarding conflicts between the VE's testimony and information contained in the Dictionary of Occupational Titles (DOT); (3) the Social Security Appeals Council erred in failing to consider new, material evidence submitted after the ALJ issued the unfavorable decision; (4) the ALJ erred in failing to properly consider opinion evidence from Plaintiff's treating physicians; and (5) the ALJ erred in failing to properly evaluate Plaintiff's credibility.

### IV.   Standard of Review

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

**V.     Analysis**

The first issue Plaintiff raises is dispositive and requires reversal and remand. The Tenth Circuit Court of Appeals has long and consistently held that an ALJ's hypothetical question to a VE "must include all (and only) those impairments borne out by the evidentiary record." *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). *See also Gay v. Sullivan*, 986 F.2d 1336, 1340-1341 (10th Cir. 1993) (following *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991), and *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990)).

In formulating Plaintiff's RFC, the ALJ specifically determined the range of light work Plaintiff could perform is limited because Plaintiff can "understand, remember and carry out *only simple, not detailed*, work related tasks." (TR. 36) (emphasis added). Additionally, Plaintiff testified at the administrative hearing that he finished only the tenth grade and that he had taken special education courses (TR. 68), and yet the ALJ failed to include these facts in his hypothetical question to the VE:

> Hypothetically, would you assume for me a man, 37, with an *eleventh* grade education, the work history identical to that of the claimant, only this person would be limited to only light work as defined by social security regulations, could such a person perform claimant's past relevant work?

(TR. 70) (emphasis added). The VE answered, "No sir, the past work exceeds limitations." (*Id.*). When the ALJ asked the VE whether there would be other jobs in the regional or national economy such a person could perform, the VE identified the following jobs:

4

> *Based on the hypothetical*, the person would be open to a wide range of light unskilled work, and some examples of those are as follows: one job title, [for] example is self service store attendant, 299.677.010, light, with an SVP of 2, in the state of Oklahoma there are 3,700, in the national economy 312,200. Another job title is fast food worker, 311.472.010, light, with an SVP of 2, in the state of Oklahoma there are 21,800, in the national economy 2,630,000. Another job title would be label coder, 920.587.014, light, with an SVP of 2, in the state of Oklahoma there are 300, in the national economy 20,100.

(TR. 71) (emphasis added). The ALJ asked the VE whether the information she provided conflicts with the information from the DOT. The VE answered, "No sir." (TR. 71).

Because the VE was never presented with a hypothetical question including all of Plaintiff's vocational characteristics and functional limitations, the ALJ's step-five finding—that there are jobs Plaintiff could perform existing in significant numbers in the national economy—is not supported by substantial evidence. *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (testimony elicited by hypothetical questions that do not relate with precision all of the claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision).

The Commissioner contends Plaintiff's testimony concerning his educational level and type of classes attended conflicts with the information Plaintiff provided in a Disability Report form. (TR. 174-182). But the form itself states that a non-attorney representative, not Plaintiff, filled out the form. (TR. 175). Moreover, in answer to the question as to the highest grade completed, the answer given was "11th grade not

5

furnished [sic]." The undersigned interprets this statement to mean the Plaintiff did not *finish* the 11th grade—a statement consistent with his testimony. The Commissioner next contends that Plaintiff's negative answer on the Disability Report form to the question concerning whether he had attended special education classes, (TR. 176), conflicts with information he gave Dr. Ronald Cruse, Ph.D., an agency appointed doctor who completed a mental status examination at the request of the agency, and Plaintiff's hearing testimony. (TR. 68, 290). According to the Commissioner, Plaintiff had the opportunity to "explain" this discrepancy at the administrative hearing. She faults Plaintiff for not doing so. The Commissioner fails to acknowledge, however, that Plaintiff was never asked to reconcile the apparent conflict. Moreover, the Commissioner's argument misses the mark. Whether or not Plaintiff attended special education classes, and whether or not the perceived inconsistency affected Plaintiff's credibility, the ALJ's RFC included the inability to perform detailed work related tasks. And that limitation should have been included in the hypothetical question to the VE.

The ALJ's failure to ask the VE a precise, thorough, hypothetical question is directly responsible for the VE's identification of other jobs, all three of which require more than the ability to do "only simple and not detailed work related tasks." As Plaintiff notes, the DOT rates the reasoning level required to perform the job of self-service store attendant at R3, which is described as the ability to carry out instructions that are written or oral or diagrammatic and to deal with the problems involving multiple variables. *See* DOT 299.677-010). The DOT rates the reasoning level required

to perform the jobs of fast food worker and label coder at R2, which requires the ability to apply common sense understanding to carry out *detailed* instructions. *See* DOT 311.472-010; 920.587-014. When the ALJ asked the VE whether the evidence she had provided conflicted with information from the DOT, the VE correctly testified that it did not. (TR 71). In fact, the evidence the VE provided was consistent with the information in the DOT. The ALJ's error was in failing to included all of Plaintiff's impairments in the hypothetical question—not his alleged failure to reconcile non-existent conflicts between the VE's testimony and information contained in the DOT.

Because the faulty hypothetical question to the VE resulted in the identification of other available jobs beyond Plaintiff's abilities, the ALJ's step-five decision is not supported by substantial evidence.

The first issue Plaintiff raises is dispositive, and this court need not address the remaining issues. On remand, the ALJ will necessarily reconsider the opinions of treating physicians as well as Plaintiff's credibility. Moreover, the new evidence submitted to the Social Security Appeals Council will be made a part of the record for the ALJ's consideration.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner

should be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the clerk of this court by **August 25, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on August 11, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE