# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ROOSEVELT WIGGINS, )
         )
    Plaintiff, )
         )
v. )    Case No. CIV-14-103-R
         )
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
         )
    Defendant. )

## ORDER

Plaintiff filed this action seeking review of the decision of the Commissioner denying his application for disability insurance benefits and supplemental security income. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On August 11, 2015 Judge Erwin issued a Report and Recommendation wherein he recommended that the decision of the Commissioner be reversed and the case remanded. The matter is currently before the Court on Defendant's objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review. For the following reasons, the Court adopts the Report and Recommendation.

## Evaluation Process

The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A) (West). An individual is "disabled" under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). The Commissioner follows a five-step evaluation process to determine whether a claimant is disabled. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). In the first four steps of this process, the claimant bears the burden of establishing a prima facie case of his disability. *Id.* at 751 & n.2. If he succeeds, the fifth step involves "determining whether the claimant has the residual functional capacity (RFC) 'to perform other work in the national economy in view of his age, education, and work experience.'" *Id.* at 751 (quoting *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987)).[1] At this step, the burden shifts to the Commissioner to establish that despite the claimant's medical impairments, he "retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (citations and internal quotation marks omitted).

## **Background**

The Administrative Law Judge ("ALJ") found Plaintiff was unable to perform his previous work as a brick mason. AR 41. The ALJ found him to have the RFC "to perform light work … except he can understand, remember and carry out only simple, not detailed, work related tasks." AR 36. He then asked a Vocational Expert ("VE"), "Hypothetically, would you assume for me a man, 37, with an eleventh grade education,

---

[1] One's RFC is the most that individual can do despite his limitations. 20 C.F.R. § 404.1545(a)(1).

the work history identical with that of the claimant, only this person would be limited to only light work as defined by social security regulations, could such a person perform claimant's past work?" AR 70. The VE responded, "No, sir. The past work exceeds the limitations." *Id.* The ALJ then asked, "Any other jobs in the regional or national economy?" *Id.* In response, the VE stated, "Based on a hypothetical, the person would be open to a wide range of light unskilled work," and then listed self-service store attendant, fast food worker, and label coder as examples. AR 70-71. The ALJ never conveyed to the VE Plaintiff's functional limitation of being unable to understand, remember, and carry out detailed work-related tasks. Defendant argues the ALJ's failure to include this limitation in a hypothetical to the VE is harmless because the VE identified only unskilled jobs that Plaintiff had the education to perform.

## **Standard of Review**

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted).

## **Analysis**

Under Social Security Ruling 96-8p, "nonexertional capacity [which includes mental limitations] must be expressed in terms of work-related functions" or "[w]ork-related mental activities." *Jaramillo v. Colvin*, 576 F. App'x 870, 874 (10th Cir. 2014)

3

(unpublished) (quoting SSR 96-8p, 1996 WL 374184, at *6 (July 2, 1996)). The ability to "understand, remember and carry out only simple, not detailed, work related tasks" is a work-related mental function. *See id.* at 875. When a claimant's capacity to perform a particular work-related mental function is impaired, this fact "must be related with sufficient precision in a dispositive hypothetical to a VE." *Id.* at 876.[2] "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990)).

The ALJ did not convey to the VE the fact that Plaintiff can understand, remember, and carry out only simple, not detailed, work-related tasks. This error was not harmless because each of the three jobs the VE identified as appropriate for Plaintiff, and which the ALJ accepted in determining that Plaintiff was not disabled, all have a reasoning level of two or three ("R2 or R3"), which means the worker must "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" or, at an even higher level, must "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form." AR 42; Dictionary of Occupational Titles, 299.677-010, 311.472-010, 920.587-014. Plaintiff's inability to understand, remember, and carry out detailed work-related tasks would seem

---

[2] *See also Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) ("[T]he ALJ's failure to include in his hypothetical inquiry to the vocational expert *any* limitation in this regard violated the established rule that such inquiries must include all (and only) those impairments borne out by the evidentiary record." (citation omitted)).

4

to render him unable to perform these jobs. Although "it is difficult on this record to relate [Plaintiff's] education and skill level to the DOT requirements, this is an appropriate area for vocational expert testimony and further analysis by the ALJ." *Shoaf v. Apfel*, 211 F.3d 1279, No. 99-3174, 2000 WL 488478, at *4 (10th Cir. Apr. 26, 2000) (unpublished) (citation omitted).

Defendant contends it is irrelevant whether Plaintiff has the RFC to perform the jobs the VE identified. The issue, rather, is "whether Plaintiff had the educational development to perform R2 or R3 work." Doc. No. 36, at 2. Citing an unpublished decision from the Tenth Circuit, Defendant asserts that these reasoning levels do "not describe specific mental or skill requirements of a particular job, but rather describe[] the general educational background that makes an individual suitable for the job." *Id.* (quoting *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013)). According to Defendant, if the Magistrate Judge had addressed whether Plaintiff had the educational background to perform R2 or R3 work, he would have found that he did, because Plaintiff had previously performed skilled work. *Id.* at 3.

The Court is not convinced that there is no relationship between an individual's RFC and the reasoning level listed in the Dictionary of Occupational Titles ("DOT") for a particular position. In *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), the Tenth Circuit reversed the portion of the ALJ's decision in which the ALJ found the plaintiff could perform two positions requiring level three reasoning because the plaintiff could maintain the "attention, concentration, persistence and pace levels required [only]

5

for simple and routine work tasks," and this limitation "seem[ed] inconsistent with the demands of level-three reasoning."[3]

Similarly here, Plaintiff's inability to understand, remember and carry out detailed, work-related tasks seems inconsistent with the demands of even level two reasoning, which requires workers to "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions." DOT, 311.472-010, 920.587-014 (emphasis added). By not conveying this limitation to the VE, the ALJ lacked substantial evidence for his finding that Plaintiff could perform jobs existing in significant numbers in the national economy, and, consequently, lacked substantial evidence for his finding that Plaintiff was not disabled.

## **Conclusion**

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge, Doc. No. 35, is ADOPTED. The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent herewith.

IT IS SO ORDERED this 2nd day of September, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] *See also Pritchett v. Astrue*, 220 F. App'x 790, 793 (10th Cir. 2007) (unpublished) ("As in *Hackett*, a level-three reasoning requirement seems inconsistent with the ALJ's conclusion that plaintiff can only do jobs which present simple, repetitive and routine tasks. This case must therefore be reversed in part and remanded to allow the ALJ to address the apparent conflict between plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the job identified for him by the vocational expert.").