IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROOSEVELT WIGGINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-14-103-R |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

# REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. **(ECF No. 40)**. Specifically, Plaintiff seeks an award of fees in the amount of **$7,740.40**. (ECF No. 40-1). Defendant objects to any award of fees, arguing that her position was "substantially justified." The Court should reject Defendant's argument and **GRANT** an award of fees to Plaintiff in the amount requested.

## I. ATTORNEY FEES AUTHORIZED UNDER EAJA

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's

position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see* 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II. PLAINTIFF IS ENTITLED TO EAJA FEES

Previously, the undersigned recommended reversal of the Commissioner's decision denying Plaintiff's application for disability benefits and supplemental security income because the ALJ presented the vocational expert (VE) with a flawed hypothetical which failed to include all of the impairments from the residual functional capacity (RFC). (ECF No. 35:4-7). As the undersigned noted, the ALJ had concluded that Plaintiff retained an RFC to perform light work "except he can understand, remember and carry out only simple, not detailed, work related tasks." (ECF No. 35:2). And at the administrative hearing, the ALJ presented the following hypothetical to the VE:

> Hypothetically, would you assume for me a man, 37, with an eleventh grade education, the work history identical to that of the claimant, only this person would be limited to only light work as defined by social security regulations, could such a person perform claimant's past relevant work?

(ECF No. 35:4, citing the Administrative Record at 70). As the undersigned noted, the VE testified that the hypothetical individual could not perform Mr. Wiggins' past relevant work, but three jobs existed which that person could perform. (ECF No. 35: 4-5). Those jobs required "reasoning level 2" which requires the ability to understand and carry out detailed instructions and "reasoning level 3," which requires the ability to carry out instructions that are written or oral or diagrammatic and to deal with problems involving multiple variables. *See* ECF No. 35:6-7. Ultimately, the ALJ relied on those jobs to conclude that Mr. Wiggins was not disabled, despite the fact that the ALJ had determined that Plaintiff could only "understand, remember and carry out only simple, not detailed, work related tasks." (ECF No. 35:2-3).

The undersigned recommended reversal because the hypothetical to the VE had failed to incorporate all of Mr. Wiggins' impairments, which, in turn, resulted in the identification of three jobs that required reasoning levels which appeared to exceed Plaintiff's mental impairments. As a result, the step five findings lacked substantial evidence. (ECF No. 35:5-7). The District Court adopted the recommendation and remanded the case for further administrative proceedings. (ECF Nos. 38 & 39). With the remand, Mr. Wiggins is considered the "prevailing party" for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

Defendant contends that the government's position was substantially justified, raising the position she had taken in her objection to the Report and Recommendation,

3

namely, that no conflict existed between the RFC and the jobs identified by the VE. (ECF Nos. 36, 41:3-4). In support of this position, and in the objection to the Report and Recommendation, Ms. Colvin had relied on an unpublished Tenth Circuit case, *Anderson v. Colvin*, 514 F. App'x. 756, 764 (10th Cir. 2013), arguing that the reasoning levels described by the Dictionary of Occupational Titles, did "not describe specific mental or skill requirements of a particular job, but rather describe[] the general educational background that makes an individual suitable for the job." (ECF No. 36:2). According to Ms. Colvin, even though the District Court had rejected Defendant's reliance on *Anderson,* her position was still "substantially justified," because "it was not unreasonable for the Commissioner to rely on the decision of a panel from a panel decision." (ECF No. 41:3-4).

The ALJ erred in failing to include all of Plaintiff's impairments in the hypothetical question to the VE. This error is a violation of well-established Tenth Circuit law. *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (testimony elicited by hypothetical questions that do not relate with precision all of the claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision). But the Commissioner seeks to gloss over the ALJ's error, arguing that under *Anderson*, Plaintiff was not necessarily unqualified to perform jobs which required reasoning levels 2 and 3. In doing so, Ms. Colvin essentially asks the Court to conclude that the ALJ's presentation of a flawed hypothetical was harmless.

Harmless error exists in Social Security cases if two factors are met. First, the ALJ had to have at least considered the evidence, albeit improperly. *Allen v. Barnhart,*

4

357 F.3d 1140, 1145 (10th Cir. 2004). Second, harmless error will only apply if, considering the evidence, the court could confidently say that no reasonable administrative factfinder, following the correct analysis, "could have resolved the factual matter in any other way." *Id.* The Commissioner is not substantially justified in arguing harmless error however, in Mr. Wiggins' case, because neither factor is met.

First, the VE did not consider the mental limitations outlined in the RFC. This likely affected the VE's identification of particular jobs, which in turn, affected the step five findings. If the VE had considered all of Mr. Wiggins' impairments, it is likely that he would not have identified jobs which required a reasoning level of 2 or 3, as noted by Judge Russell in his Order adopting the Report and Recommendation. *See* ECF No. 38:5-6, citing *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (noting that an ability to perform only simple and routine tasks (like Mr. Wiggins) was inconsistent with the findings that the individual could perform a "reasoning level 3" job. (ECF No. 38:5-6)). The ALJ's initial error in presenting a flawed hypothetical question to the VE, rendered it impossible for the Court to be able to confidently say that if the ALJ had not erred, and that the VE's testimony, as it stands, would have provided substantial evidence at step five. As a result, the Commissioner was not substantially justified in arguing "harmless error," either in defense of her appeal, or now in response to Plaintiff's application for EAJA fees.

### III. AMOUNT OF RECOVERABLE FEE

Ms. Colvin did not meet her burden of proof to show that the government's position was substantially justified. Further, the undersigned knows of no special

5

circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of $7,740.40, calculated as follows: 5.8 hours of work performed by her attorney in 2015 at a rate of $188.00 per hour and 35 hours of work performed by her attorney in 2014 at a rate of $190.00 per hour. (ECF No. 40-1). Ms. Hedrick has provided a detailed breakdown of time expended in representing Mr. Wiggins, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

Plaintiff has requested an upward adjustment of the statutory rate and the Court should conclude that the requested hourly rate is reasonable.[1] Based upon the record before the Court and the lack of objection by the Commissioner regarding the reasonableness of the amount requested, the undersigned finds that the Plaintiff is entitled to her requested attorney fee award of **$7,740.40** (35 hours x 190.00 per hour for work performed in 2014=$6,650.00 and 5.8 hours x 188.00 per hour for work performed in 2015=$1,090.40). Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

---

[1] The Court should take judicial notice of the fact that the Office of the General Counsel of the Social Security Administration has authorized the maximum hourly rates for attorney work in Oklahoma in 2014 and 2015 to be $190.00 and $188.00 respectively. *See* Memorandum Order and Opinion, *Yandell v. Colvin*, Case No. CIV-14-1151-STE (W.D. Okla. August 10, 2016).

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the Court should **GRANT** Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act in the amount of **$7,740.40.**

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 29, 2016**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on August 15, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE